IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROBINSON, | CASE NO. CV F 09-1403 LJO GSA |
| Plaintiff, | **SUMMARY JUDGMENT DECISION** (Doc. 16.) |
| vs. | |
| KAWEAH DELTA HOSPITAL, et al., | |
| Defendants. | |

## **INTRODUCTION**

Defendant Kaweah Delta Health Care District ("District") seeks summary judgment that plaintiff William Robinson's ("Mr. Robinson's") medical malpractice claim is barred by res judicata. Mr. Robinson responds that the District consented to maintain Mr. Robinson's claim in this Court to avoid res judicata effects. This Court considered the District's summary judgment motion on the record and VACATES the March 22, 2010 hearing, pursuant to Local Rule 230(g). For the reasons discussed below, this Court DENIES the District summary judgment.

## **BACKGROUND**

### **Mr. Robinson's Medical Treatment**

The District owns and operates Kaweah Delta District Hospital ("Hospital").[1] On January 1, 2007, Mr. Robinson's left heel abscesses were drained and dressed at the Hospital, and Mr. Robinson

---

[1] Mr. Robinson has named the Hospital as a separate defendant, but the District indicates that the Hospital is a division of the District to render the District as the appropriate defendant.

1

returned home without admission to the Hospital.

On January 22, 2007, Mr. Robinson was given a muscle relaxant at the Hospital's emergency room in response to his severe back pain complaints. Mr. Robinson returned home without admission to the Hospital.

On January 23, 2007, an x-ray of Mr. Robinson's back was taken at the Hospital's emergency room in response to his severe and increasing back pain. Mr. Robinson returned home without admission to the Hospital.

During the afternoon fo January 24, 2007, defendant Amanda Segars, P.A. ("PA Segars") treated Mr. Robinson for back pain at defendant Family Health Care Network ("FHCN"). Mr. Robinson was not seen by a physician, underwent no diagnostic testing, and was sent home with ice and heat instructions.

During the late evening of January 24, 2007, Mr. Robinson arrived at the Hospital's emergency room and complained of lower extremity numbness and weakness. An early morning January 25, 2007 MRI indicated a spinal epidural abscess. Mr. Robinson underwent surgery several hours later to evacuate the epidural abscess.

On May 9, 2007, Mr. Robinson submitted a claim pursuant to the California Government Claims Act, Cal. Gov. Code, §§ 900, et seq. On June 11, 2007, Mr. Robinson received a notice of rejection of his claim.

On December 6, 2007, Mr. Robinson submitted notice of intention to bring action under California Code of Civil Procedure section 364 against the District, Hospital, FHCN, PA Segars, and defendant Parley Madsen, III, M.D.

**Mr. Robinson's State Court Action**

On December 6, 2007, Mr. Robinson also filed his pro se medical negligence complaint in Tulare County Superior Court ("state court action") to allege that the District and the other defendants negligently and untimely failed to diagnose, manage and treat Mr. Robinson's epidural abscesses to result in severe neurological damage and partial paralysis. The state court action complaint seeks to recover for Mr. Robinson's pain and suffering, past and future medical expenses, and lost earnings and earning capacity.

Mr. Robinson was unaware that FHCN was a federally supported health center and entity of the U.S. Department of Health and Human Services to require it and its employees, including PA Segars, to be sued as the United States of America ("Government") in federal court pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

On August 11, 2009, based on defendant Government's notice, the state court action was removed to this Court as this Civil Case No. CV F 09-1403 ("Case No. 09-1403").

**Mr. Robinson's Federal Court Action**

In September 2008, Mr. Robinson was referred to his counsel William Newkirk ("Mr. Newkirk"), who determined that FHCN was a federally supported health center subject to suit only in federal court under the FTCA. Mr. Newkirk further determined that FHCN had not been served with the state court action complaint and that Mr. Robinson had not exhausted FTCA administrative remedies for a claim against FHCN. On September 29, 2008, Mr. Newkirk filed an administrative claim which was deemed denied on December 29, 2008.

On January 26, 2009, Mr. Newkirk filed Mr. Robinson's complaint in this Court as Civil Case No. CV F 09-0166 ("Case No. 09-0166") to allege nearly identical medical negligence claims against the District, FHCN and other defendants as alleged in Case No. 09-1403. The Case No. 09-0166 complaint faulted the District's negligent diagnosis and treatment in evacuation of the spinal epidural abscess. Similar to the Case No. 09-1403 complaint, the Case No. 09-0166 complaint sought to recover for Mr. Robinson's pain and suffering, past and future medical expenses, and lost earnings and earning capacity.

Mr. Newkirk and District counsel Jeffrey Nelson ("Mr. Nelson") exchanged correspondence as to how to address the two pending actions, including Mr. Nelson's suggestion to dismiss the state court action. Mr. Nelson's May 27, 2009 letter noted that "dismissal of the hospital from the federal action will have no impact on the pending state action."

At the December 1, 2009 scheduling conference in Case No. 09-1403, the parties' counsel discussed consolidation of Case Nos. 09-0166 and 09-1403. This Court's December 1, 2009 Scheduling Order in Case No. 09-1403 notes: "The parties will stipulate to amendment of the complaint so as to permit consolidation of this action with *Robinson v. Kaweah Delta Hospital*, case number 1:09-cv-

3

1  00166-LJO-GSA."

2  The parties' December 7, 2009 stipulation explained that Case Nos. 09-0166 and 09-1403 "involve common parties, common claims and common witnesses, and consolidation serves the interests of judicial economy and convenience of the Court and the parties." Based on the parties' stipulation, this Court entered its December 8, 2009 order ("consolidation order") in Case No. 09-1403:

> Plaintiff's claims against Kaweah Delta Hospital and Kaweah Delta Health Care District shall be dismissed with prejudice from this matter only, Case No. 1:09-cv-00166-LJO-GSA. The remainder of the above entitled action shall be consolidated with <u>William Robinson v. Kaweah Delta Hospital et al.</u>, Case No. 1:09-cv-01403-LJO-GSA, which shall be the lead case.

In his declaration, Mr. Newkirk states:

> The intention that was expressed and understood by all parties was to provide for maintenance of the Plaintiff's timely filed claims against the Kaweah defendants as part of the removed and consolidated action. . . . Mr. Nelson did not at any time object to this procedure, nor did he ever assert that the dismissal of the "federal" claims would be used to preclude the surviving "removed" state claims.

## **DISCUSSION**

### **Summary Judgment Standards**

The District contends that since Case No. 09-0166 was time barred and was dismissed with prejudice, res judicata bars Mr. Robinson's claims in this Case No. 09-1403 in that Mr. Robinson "seeks resolution of a claim that has already been resolved."

Mr. Robinson responds that the state court action claims against the District and Hospital "continue by virtue of removal of the state case to this court" as this Case No. 09-1403. Mr. Robinson characterizes the stipulation and order as "a procedural device by which the timely filed state law claims against the Kaweah defendants could be consolidated for discovery and trial with the FTCA claims against FHCN, which by necessity, can only be heard in federal court."

F.R.Civ.P. 56(b) permits a "party against whom relief is sought" to seek "summary judgment on all or part of the claim." "A district court may dispose of a particular claim or defense by summary judgment when one of the parties is entitled to judgment as a matter of law on that claim or defense." *Beal Bank, SSB v. Pittorino*, 177 F.3d 65, 68 (1st Cir. 1999).

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(c); *Matsushita Elec. Indus.*

4

*v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56(c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). "Because '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge,' when reviewing a grant of summary judgment, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986)). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252, 106 S.Ct. 2505.

To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d at 574. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no

obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *see Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.")

"But if the nonmoving party produces enough evidence to create a genuine issue of material fact, the nonmoving party defeats the motion." *Nissan Fire*, 210 F.3d at 1103; *see Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575, 1592 (1968)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505.

As discussed below, the District fails to establish res judicata, especially given its acquiescence to maintain claims against it and the Hospital in this Case No. 1403.

**Res Judicata**

To support that Case No. 09-0166 was time barred for res judicata purposes, the District notes that the Case No. 09-0166 complaint was filed on January 26, 2009, more that six months after the June 11, 2007 denial of Mr. Robinson's California Government Claims Act claim to fail to satisfy California Government Code section 945.6 ("any suit brought against a public entity . . . must be commenced . . . not later than six months after the date such [written] notice is personally delivered or deposited in the mail").

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*,

449 U.S. 90, 94, 101 S.Ct. 411 (1980). "Res judicata, or claim preclusion, prohibits lawsuits on 'any claims that were raised *or could have been raised*' in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis in original)).

Res judicata serves "the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645 (1979). Res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen*, 449 U.S. at 94, 101 S.Ct. 411.

"The date of rendition of the judgment is controlling for purposes of res judicata, not the dates of commencement of the action creating the bar or the action to be affected by the bar." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

Res judicata applies when there is: "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart*, 297 F.3d at 956 (quoting *Owens*, 244 F.3d at 713).

The District argues that Case No. 09-0166 constitutes the "previous action" although the state court action complaint for this removed Case No. 09-1403 "was filed first" because "a final judgment on the merits" was reached in Case No. 09-0166 before a judgment was reached in this Case No. 09-1403. The District points out that "'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956; *see Paganis v. Blonstein*, 3 F.3d 1067, 1071 (7th Cir. 1993) ("with prejudice" is an acceptable shorthand for "adjudication on the merits"). The District argues that this Court's dismissal with prejudice of Case No. 09-0166 is "a final judgment on the merits" despite the dismissal order's inclusion of "from this matter only," which the District characterizes as "superfluous." The District concludes that this Case No. 09-1403, originally filed as the state action on December 6, 2007 and removed on August 10, 2009, is barred by res judicata.

The District is correct that Case No. 09-0166 was filed more than six months after denial of Mr. Robinson's California Goverment Claims Act claim. However, the complaint in the state court action removed as this Case No. 09-1403 was filed within the required six months after claim denial. In

7

absence of dispute that the complaint in the state court action was timely, focus turns on whether dismissal of the Case No. 09-0166 claims against the District and Hospital bars the claims against them in this Case No. 09-1403 and whether the District acquiesced to continuance of the Case No. 09-1403 claims against them.

### **The District's Acquiescence**

Mr. Robinson argues that the District and Hospital "acquiesced in the dismissal of the federal [Case No. 09-0166] claims merely as a procedural device to facilitate the consolidation" of Case Nos. 09-0166 and 09-1403. Mr. Robinson points to Mr. Nelson's May 27, 2009 letter that "dismissal of the hospital from the federal action will have no impact on the pending state action." Relying on Restatement (Second) of Judgments § 26(1)(a), Mr. Robinson argues an exception to claim preclusion in that the "parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein." Mr. Robinson contends that the District and Hospital "acquiesced to a procedure that would achieve the dismissal of the medical malpractice claims that were part of the later-filed federal case, which were barred by the statute of limitations, and allow the timely-filed claims that were part of the removed case to proceed as part of the consolidated action." Mr. Robinson argues that with the consolidation stipulation and order, the parties intended to avoid "redundant and duplicative litigation" in two separate actions.

Mr. Robinson argues "the existence of triable issues of material fact with regard to the defendants' agreement to allow the removed timely-filed claims to move forward." Mr. Robinson contests that the District and Hospital satisfied "their burden of demonstrating that the timely filed state claims, now part of the removed and consolidated action, are barred by the statute of limitations."

Mr. Robinson further argues that claims against the District and Hospital were part of the state court action and constitute proper supplemental claims under 28 U.S.C. § 1367(a) upon mandated removal to this Court as this Case No. 09-1403 resulting from claims against FHCN through the Government under the FTCA.

The consolidation order's effect, to which the District acquiesced, was to consolidate the Case No. 09-1403 removed claims (including those against the District and Hospital) and to dismiss the time barred Case No. 09-0166 claims against the District and Hospital. In sum, the consolidation order added

Mr. Robinson's timely claims and dismissed his time barred claims. The consolidation stipulation and order cannot be read to bar Mr. Robinson's timely claims against the District and the Hospital. The District's "gotcha" ploy is unavailing. At a minimum, Mr. Robinson raises factual issues to avoid summary judgment as to the effect of the consolidation order.

The District points to *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935 (5th Cir. 2000), as "persuasive authority." In *Ellis*, the plaintiff beneficiary of an accidental death insurance policy brought two separate state court actions against the insurer for wrongful denial of benefits. The cases were removed to different Texas district courts. After the first-filed case was stayed, the defendant insurer was granted summary judgment that the second-filed action as barred by the limitations period. The stay of the first-filed action was lifted, and the insurer was granted summary judgment that the first-filed action was barred by res judicata in light of summary judgment in the second-filed action. The Fifth Circuit Court of Appeals affirmed summary judgment in the first-filed action in that summary judgment of the second-filed action on limitations period grounds was a decision on the merits for res judicata purposes. *Ellis*, 211 F.3d at 938.

Mr. Robinson points to a key factual distinctions – unlike here, the *Ellis* defendant did not stipulate to the "continuation and viability of the second case" and no limitations period defense arises as to the first-filed action. *Ellis* is not as persuasive as the District believes.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES the District summary judgment.

IT IS SO ORDERED.

**Dated:   March 17, 2010**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE