BENJAMIN B. WAGNER
United States Attorney
BENJAMIN E. HALL (SBN 219924)
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>KAWEAH DELTA HOSPITAL; KAWEAH DELTA HEALTH CARE DISTRICT; FAMILY HEALTH CARE NETWORK; PARLEY MADSEN, III, M.D.,and AMANDA SEGARS, P.A.; and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:09-cv-01403-LJO-GSA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 8, 2010<br>Time: 8:30 a.m.<br>Ctrm: 4<br><br>Hon. Lawrence J. O'Neill |

**I.**

**INTRODUCTION**

This is a medical malpractice action. Plaintiff, William Robinson, alleges negligence in the diagnosis and treatment of an epidural abscess. However, Plaintiff failed to designate any expert witnesses necessary to establish the essential elements of his cause of action. Without medical expert testimony, Plaintiff cannot establish the applicable standard of care, the United

States' alleged deviation from that standard, or causation of any injury. Plaintiff's case fails for lack of proof, and the United States is entitled to judgment as a matter of law.

**II.**

**STATEMENT OF FACTS**

In January 2007, Plaintiff was diagnosed at Kaweah Delta Hospital with a spinal epidural abscess and underwent surgery to treat the abscess. Statement of Undisputed Facts in Support of Defendant United States of America's Motion for Summary Judgment ("SUF"), ¶ 1. Plaintiff has filed suit asserting a single cause of action, negligence, against Kaweah Delta Health Care District, Family Healthcare Network, and Amanda Segars, P.A., alleging the "negligent failure of Defendants and each of them to competently and timely diagnose, manage, and treat Plaintiff WILLIAM ROBINSON's condition, including but not limited to epidural abscess, and render timely medical treatment . . .." SUF ¶ 2.[1]

The United States Attorney certified that Family Healthcare Network and its employees, including Amanda Segars, P.A., were deemed employees of the Public Health Service pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, and were acting in the scope of such employment during their treatment of Plaintiff. Accordingly, the United States was

[1] Plaintiff filed his medical negligence complaint in Tulare County Superior Court on December 6, 2007. The United States later removed the action to this Court. Plaintiff filed another, nearly identical action in this Court as Case No. 1:09-cv-0166. Based on the parties' stipulation, on December 8, 2009, the Court entered its order (Doc. 14) consolidating the two cases and designating this case, No. 1:09-cv-01403, as the lead case.

substituted as defendant in place of Family Healthcare Network and its employees, including defendant Amanda Segars, pursuant to 28 U.S.C. § 2679(d)(1). SUF ¶ 3.

On December 1, 2009, the Court entered its Scheduling Conference Order, which required the parties to serve initial expert witness disclosures, including all information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B), no later than July 1, 2009. SUF ¶ 4. On June 25, 2010, the Court approved the parties' stipulation to extend the date for expert witness disclosures to August 2, 2010. SUF ¶ 5.

On August 2, 2010, the United States filed its expert witness designation, listing Eugene J. Carragee, M.D., and Pamela S. Jones, R.N., as retained expert witnesses. SUF ¶ 6. The same day, the United States served upon the other parties by mail the expert reports of Dr. Carragee and Ms. Jones, who opined that Family Healthcare Network and its employees provided appropriate and timely care to Plaintiff. SUF ¶ 7.

Plaintiff failed to serve upon the United States any disclosure of expert witnesses or the expert reports required by the Scheduling Conference Order and Rule 26(a)(2)(B), Federal Rules of Civil Procedure. SUF ¶ 8. To this date, Plaintiff has not disclosed any expert opinion regarding the standard of care, breach, or causation of any alleged injury. SUF ¶ 9.

The United States has filed with this motion the declaration of Dr. Carragee, a board-certified orthopaedic surgeon who is the Director of the Orthopaedic Spine Clinic and Chief of the Orthopaedic Spinal Service at Stanford University Hospital and

Clinics. Dr. Carragee's declaration notes that Plaintiff, now 23, had received treatment at Family Healthcare Network for several uncomplicated bacterial infections, including ear infections and foot infections, prior to December 2006. Declaration of Eugene J. Carragee, M.D., in Support of United States of America's Motion for Summary Judgment ("Carragee Decl."), ¶ 3. Plaintiff had been tested for HIV infection and screened for other possible causes of immune suppression or predisposition to serious infection, and none were found. Id.

In December 2006, Plaintiff developed a foot infection at the heel, which was treated at Kaweah Delta Hospital by incision and drainage. Id. ¶ 4. Following that procedure, Plaintiff received periodic wound care at Family Healthcare Network. Id. Plaintiff quickly became pain-free, and there were no signs of active infection by early January 2007. Id.

In the early morning of January 23, 2007, Plaintiff was examined at the Kaweah Delta Hospital emergency department for mid-back pain, reported to have begun after Plaintiff hyperextended his back while doing a handstand. Id. ¶ 5. He was afebrile, denied any numbness or paraesthesias, and his motor strength was normal. Id. Plaintiff was treated with ibuprofen and Flexeril and discharged. Id.

Plaintiff returned to the Kaweah Delta Hospital emergency department for evaluation at approximately 10 p.m. on January 23, 2007, with worsening pain. Id. ¶ 6. His temperature was 99.4, he had no new neurological symptoms and reported tenderness in the mid-back and periscapular region. Id. An x-ray of the

thoracic spine was read and was not showing any fracture or destructive lesion. Id. Plaintiff was again discharged from the emergency department but with an added medication, Vicodin. Id.

The next afternoon, January 24, 2007, Plaintiff was seen at Family Healthcare Network for back pain. Id. ¶ 7. He still reported no sensory loss; he did not appear toxic (temperature of 98.3); and he had full range of motion and normal strength. Id. Plaintiff returned to the Kaweah Delta Hospital emergency department at 9:40 p.m. on January 24 with new neurological symptoms, namely numbness and lower extremity weakness. Id. ¶ 8. An MRI was performed which showed a lesion compressing the upper thoracic spinal cord, suspicious for an epidural abscess. Id. Plaintiff was admitted for emergency surgery at approximately 6 a.m. on January 25 for decompression of the spinal cord and debridement of the abscess. Id.

Dr. Carragee concludes that Plaintiff developed an extremely rare infection of the spine, and that an epidural abscess was an unlikely cause of back pain in a healthy young man. Id. ¶ 10. The diagnosis of spinal epidural abscess is difficult and commonly made after weeks of symptoms. Id. ¶ 11. In the setting of back pain without severe or progressive neurological loss, this diagnosis is generally only considered in patients with serious underlying disease, immuno-suppression, or concurrent intractable infection. Id. Dr. Carragee notes that the examinations performed at Kaweah Delta Hospital on January 23 and at Family Healthcare Network on January 24 reported neither neurological symptoms nor signs, and there was no evidence of

suspicious concurrent illness. Id. ¶ 12. He concludes that Plaintiff, having presented with a history of spine hyperextension, was properly evaluated and received appropriate and timely care. Id. ¶¶ 12, 14.

**III.**

**LEGAL ANALYSIS**

Plaintiff's claim against the United States is for medical malpractice pursuant to the Federal Tort Claims Act ("FTCA"). "The FTCA specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred.'" Rhoden v. United States, 55 F.3d 428, 430 (9th Cir. 1995) (quoting 28 U.S.C. § 1346(b)). In an action under the FTCA, the district court applies the substantive law of the state where the act or omission occurred and the federal rules for procedural matters. See Richards v. United States, 369 U.S. 1, 11 (1962); Taylor v. United States, 821 F.2d 1428, 1433 (9th Cir. 1987).

Since the events at issue occurred in California, California's substantive medical malpractice law applies to this case. See Richards, 369 U.S. at 11; Baker v. Adventist Health, Inc., 260 F.3d 987, 993 (9th Cir. 2001) (medical malpractice is a state law cause of action). "Although state law defines the requirements for the prima facie showing, whether there is sufficient evidence to create a jury issue is controlled by federal law." Sharpe v. United States, 230 F.R.D. 452, 460 (E.D. Va. 2005).

Under California law, Plaintiff must present expert testimony in order to make a prima facie showing of negligence. Plaintiff failed to timely present such evidence, and he cannot meet his burden of proof.

**A. Summary Judgment Is Appropriate Where the Moving Party Demonstrates a Complete Failure of Proof on an Essential Element of the Non-moving Party's Case.**

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party does not bear the burden of proof at trial, it may discharge the burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party satisfies the requirements of Rule 56, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The opposing party may not "rest upon mere allegation or denials of his pleading." Id. Instead, it must go beyond the pleadings to designate specific facts showing the existence of genuine issues for trial. Celotex, 477 U.S. at 324-25.

A genuine issue exists when a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-49.

"As to materiality, the substantive law will identify which facts are material." Id. at 248. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial," and the moving party is entitled to a judgment as a matter of law. Celotex, 477 U.S. at 322.

**B. In a Medical Malpractice Action, Plaintiff Bears the Burden of Proof and Must Use Experts to Establish a Violation of the Standard of Care and Causation.**

In order to recover for medical malpractice under California law, Plaintiff must establish: (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence. Turpin v. Sortini, 31 Cal. 3d 220, 229-230 (1982); Elcome v. Chin, 110 Cal. App. 4th 310, 317 (2003). The standard of care ordinarily may be established only by expert testimony:

> The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony, unless the conduct required by the particular circumstances is within the common knowledge of the layman. The "common knowledge" exception is principally limited to situations in which the plaintiff can invoke the doctrine of res ipsa loquitur, i.e., when a layperson is able to say as a matter of common knowledge and observation that the consequences of professional treatment were not such as ordinarily would have followed if due care had been exercised. The classic example, of course, is the X-ray

revealing a scalpel left in the patient's body following surgery.

Flowers v. Torrance Mem'l Hosp. Med. Ctr., 8 Cal.4th 992, 1001 (1994) (internal citations, quotations and footnote omitted).

Expert testimony is also required on the issue of causation if the matter is so beyond lay experience that it can only be explained through experts. Siverson v. Weber, 57 Cal. 2d 834, 838 (1962); Jones v. Ortho Pharm. Corp., 163 Cal. App. 3d 396, 402-403 (1985). A plaintiff who fails to present competent expert testimony on the issue fails to establish a prima facie case, warranting dismissal. Gotschall v. Daley, 96 Cal. App. 4th 479, 484 (2002); Cottle v. Superior Court, 3 Cal. App. 4th 1367, 1384-1385 (1992) (causation must be proven within reasonable medical probability based upon competent expert testimony).

**C. Rule 26(a)(2) and the Court's Orders Required Plaintiff to Disclose Expert Witnesses and Produce Their Reports by August 2.**

Rule 26(a)(2) of the Federal Rules of Civil Procedure sets forth the requirements for identifying expert witnesses and disclosing their opinions. The rule provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). In addition, unless otherwise stipulated or ordered by the Court, "this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The report must

include, inter alia, a statement of all opinions the witness will express and the basis and reasons for such opinions. Id. A party must make these required disclosures at the time ordered by the Court. Fed. R. Civ. P. 26(a)(3).

In this case, the Court's Scheduling Conference Order, as amended, required the parties to disclose expert witnesses and produce their reports no later than August 2, 2010. The Order specifically cautioned the parties that expert witness disclosures "must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder." Scheduling Conference Order (Doc. 13), at p. 2. The Order further cautioned that "[f]ailure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness." Id.

If a party fails to provide information or identify a witness as required by Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "[E]ven absent a showing in the record of bad faith or wilfulness, exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1006 (9th Cir. 2001). The sanction for failure to make expert disclosures is "self-executing" and "automatic." Id. at 1106 (citing Fed. R. Civ. P. 37 advisory committee's note (1993)).

**D. Without Expert Testimony, Plaintiff Cannot Establish Essential Elements of His Claim, and Summary Judgment Is Proper.**

Plaintiff does not allege a case of res ipsa loquitur. In order to meet his burden of proof, Plaintiff is therefore required to provide expert testimony on the standard of care, i.e., what the appropriate practice would be under the circumstances presented by this particular case. See, e.g., Selden v. Dinner, 17 Cal. App. 4th 166, 174 (1993) (whether postponement of surgery was justified requires expert testimony); Pink v. Slater, 131 Cal. App. 2d 816, 817 (1955) (propriety or impropriety of particular medical treatment is generally established only by expert medical testimony); Sansom v. Ross-Loos Med. Group, 57 Cal. App. 2d 549, 553 (1943) ("What is or what is not proper practice on the part of the physician is uniformly a question for experts and can be established only by the testimony of such experts."). Expert testimony is also required on the issue of causation. See Siverson, 57 Cal. 2d at 838 (cause of development of plaintiff's fistula following hysterectomy not matter of common knowledge among laymen); Bromme v. Pavitt, 5 Cal. App. 4th 1487, 1498-99 (1992) (competent expert testimony required to show patient's death from cancer was caused by medical negligence).

Plaintiff's failure to secure and timely disclose expert testimony means that he cannot establish the essential elements of his claim. Without expert testimony, Plaintiff lacks the evidence to prove the United States' negligence, and his cause of action for medical negligence cannot survive summary judgment.

See Manzo v. United States, 2006 U.S. Dist. LEXIS 8845 * 14 (E.D. Cal. Mar. 6, 2006) ("Because Plaintiffs have failed to produce enough evidence to make a showing sufficient to establish the existence of an element essential to their case -- a properly designated expert establishing the standard of care and causation -- Defendant must prevail in its motion for summary judgment.").

The federal courts routinely grant summary judgment in favor of the United States in FTCA cases where the plaintiff has failed to produce the required expert testimony. In Warden v. United States, 861 F. Supp. 400 (E.D.N.C. 1993), aff'd, 25 F.3d 1042 (4th Cir. 1994), the plaintiff in an FTCA case alleged medical malpractice in the diagnosis of a ruptured disc. The United States moved for summary judgment on the grounds that North Carolina law required the plaintiff to present expert testimony to make out a prima facie showing of medical malpractice, and plaintiff had failed to do so. The Court granted the motion, noting that the plaintiff "has identified no experts long after the deadline established by the court for doing so." Id. at 403. In Musser v. Gentiva Health Servs., 356 F.3d 751 (7th Cir. 2004), the court upheld summary judgment for the defendant in a case alleging improper monitoring of a premature infant, where plaintiffs failed to make required expert disclosures, were precluded from presenting undisclosed opinions, and therefore could not establish a prima facie case for medical malpractice. Id. at 760-61. See also Ballard v. United States, 2007 U.S. Dist. LEXIS 96124 * 10-12 (C.D. Cal. Aug. 28, 2007) (excluding defendant's expert opinions, which were not timely disclosed, and

granting United States' motion for summary judgment in medical malpractice case); Williams v. United States, 2009 U.S. Dist. LEXIS 79789 * 9 (S.D. Miss. September 3, 2009) (holding that "Plaintiff's failure to designate an expert is fatal to his medical malpractice claim" and granting summary judgment for the United States); Woods v. United States, 2010 U.S. Dist. LEXIS 21225 * 7 (N.D. Tex. Feb. 4, 2010) ("By pointing out the need for, and lack of, expert testimony in this case, Defendant has met its summary judgment burden"); Brown v. United States, 2000 U.S. Dist. LEXIS 22583 * 7-9 (W.D. Wis. Aug. 18, 2000) (granting summary judgment for United States in medical malpractice case where plaintiff failed to timely disclose expert witnesses, and Wisconsin law required expert testimony to establish prima face case); Norman v. United States, 2006 U.S. Dist. LEXIS 5519 *24-25 (E.D. Mo. February 13, 2006) (granting summary judgment for United States where Plaintiff had no expert medical testimony to establish failure-to-diagnose claim); Moran v. United States, 2007 U.S. Dist. LEXIS 23813 *11 (D.S.D. March 28, 2007) (granting summary judgment for United States in a medical malpractice case arising out of treatment at Indian Health Services facility, where plaintiff failed to disclose expert testimony).

Plaintiff's failure to present an expert medical opinion is "a complete failure of proof concerning an essential element of the non-moving party's case." See Lyons v. Ray, 2007 U.S. Dist. LEXIS 14616 * 16-17 (E.D. Ky. Mar. 1, 2007) (quoting Celotex, 477 U.S. at 323). Without admissible expert testimony, Plaintiff cannot meet his burden of proof as to either the breach of an

applicable standard of care or causation. Plaintiff therefore cannot establish negligence under California law, and summary judgment is proper.

**IV.**

**CONCLUSION**

The United States requests that the Court grant summary judgment in its favor.

Respectfully submitted,

Dated: September 23, 2010.

BENJAMIN B. WAGNER
United States Attorney

By: /s/ Benjamin E. Hall
BENJAMIN E. HALL
Assistant U.S. Attorney
Attorneys for Defendant
United States of America